**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTA CRUZ ROJAS, AKA Gustavo Aguilera,<br><br>              Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>              Respondent. | No.    14-71715<br><br>Agency No. A074-424-132<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Santa Cruz Rojas, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo claims of due

_____

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process violations. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010).

We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Rojas failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Although the court would retain jurisdiction over colorable questions of law and constitutional claims, Rojas' contention that the BIA failed to show proper consideration of all factors is not supported by the record. *See id*. ("To be colorable in this context, . . . the claim must have some possible validity."); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention" (internal citation omitted)).

Rojas' due process contentions regarding the transcription of his April 20, 2012, hearing fail for lack of prejudice, where Rojas has not shown that the alleged delay may have affected the outcome of his proceedings. *See Cruz Rendon*, 603 F.3d at 1109 ("In order to prevail on [a due process] claim, the alien . . . must show prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation.'" (citation omitted)).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.